IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SINTEL KING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 7:06-CV-57 (WLS) |
| | : | |
| Assistant District Attorney KEVIN HUTTO; Sgt. KEITH NEWELL; Officer MIKE BOYD; LAKENDRA JACKSON; SHERI SMITH; MICKEY JOHNSON; JOHN R MOBLEY, II; JAMES PHILLIPS; JUDGE RALPH SIMPSON, | : | : |
| | : | |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff **CHRISTOPHER SINTEL KING**, an inmate at Tift County Law Enforcement Center in Tifton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

A.  Allegations against Mickey Johnson, Sheri Smith and John Mobley, II

Plaintiff has filed a rambling and somewhat confusing complaint, to which he has attached a sixteen (16) page "exhibit" that does little, if any, to clarify the various claims he lodges against the nine (9) named defendants.  However, it appears that Mickey Johnson, Sheri Smith, and John Mobley, II are all attorneys who represented plaintiff at some point during his criminal proceedings in 2005.  Plaintiff alleges that Mickey Johnson committed perjury and provided ineffective assistance of counsel.  Additionally, plaintiff states that Sheri Smith and Mickey Johnson were ineffective in that they failed to file certain pre-trial motions.

As explained above, in any § 1983 action, the plaintiff must allege that the action or omission was committed by a person acting under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 , *overruled in part on other grounds*, 474 U.S. 327 (1986).  It is well settled that allegations against criminal defense attorneys, court appointed or privately retained, do not state viable claims under 42 U.S.C. § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants.  Therefore, criminal defense attorneys cannot be held liable under § 1983 for their actions, or inactions, during a criminal trial.  *Polk County v. Dodson*, 454 U.S. 312

(1981); ***Nelson v. Stratton***, 469 F.2d 1155 (5th Cir. 1972).[1]

A criminal defense attorney, however, may be sued under § 1983 if he or she conspired with someone who did act under color of state law. ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985). In the present case, plaintiff seems to allege that there was a conspiracy between the assistant district attorney, the superior court judge, and many of the other defendants. However, vague and conclusory allegations of a defendant's participation in a conspiracy are insufficient to support such a claim, or show a violation of 42 U.S.C. § 1983. ***Fullman v. Gradick***, 739 F.2d 553 (11th Cir. 1984). Plaintiff has failed to support his conspiracy allegations with any specific facts.

For these reasons, the Undersigned **RECOMMENDS** that Mickey Johnson, Sherri Smith, and John Mobley, II be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

B.  Allegations against Assistant District Attorney Kevin Hutto

Plaintiff alleges that Assistant District Attorney Kevin Hutto should have dismissed the criminal case against him because it was "based on a false police report and was due to an illegal search and seizure." Plaintiff seeks damages from this defendant and requests that the Court make the prosecutor dismiss the criminal case in which plaintiff was apparently already found guilty-- 2005-CR-103. Prosecutors are absolutely immune from liability under § 1983 when engaged in initiating a prosecution or presenting the state's case. ***Imbler v. Pachtman***, 424 U.S. 409, 430-31 (1976). Inasmuch as the alleged acts by Kevin Hutto fall within the scope of his prosecutorial duties relating to the judicial process at trial, Mr. Hutto is absolutely immune from liability under § 1983.

---

[1] In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

Moreover, some of the relief that plaintiff is seeking (dismissal of his criminal case) is not a remedy that is ever available in a 42 U.S.C. § 1983 action. **Preiser v. Rodriquez**, 411 U.S. 475 (1973).

For these reasons, the Undersigned **RECOMMENDS** that Kevin Hutto be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

C.  Allegations against Judge Ralph Simpson

Plaintiff alleges that Judge Simpson should have dismissed the charges against him because he knew there existed "no probable cause for arrest." Moreover, plaintiff states that Judge Simpson made incorrect rulings on various motions and incorrect rulings regarding various charges given to the jury. Plaintiff also seems to allege that Judge Simpson "discriminated against him." Plaintiff requests damages and appears to request reinstatement of his probation.

Plaintiff's allegations against this defendant fail to state a claim under 42 U.S.C. § 1983. "Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." **Roland v. Phillips**, 19 F.3d 552, 555 (11th Cir 1994). There is no allegation that Judge Simpson lacked jurisdiction in this criminal proceeding. Therefore, he is immune from liability.

Additionally, as explained above, the reduction, modification, or change of a sentence is not available in a § 1983 action; nor can plaintiff have any probation revocation decision reversed in this § 1983 action.

For these reasons, the Undersigned **RECOMMENDS** that Judge Simpson be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

D.  Allegations against Lakendra Jackson

Although it is not entirely clear, it appears that Ms. Jackson was a passenger in plaintiff's vehicle at the time he was arrested. Plaintiff alleges that Ms. Jackson committed perjury. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission, committed by a **person acting under color of state law** deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987) (emphasis added). Lakendra Jackson simply is not a person acting under color of state law. Additionally, witnesses, whether private citizens or law enforcement officers, are absolutely immune from civil damages based on their testimony in judicial proceedings. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). The policy behind this grant of immunity is to encourage truthful testimony. If a witness could be later subjected to an action for damages, she "might be reluctant to come forward to testify" or her "testimony might be distorted by the fear of subsequent liability." *Id*. at 333.

Plaintiff again makes the general conclusory allegation that Ms. Jackson was involved in some type of conspiracy against him. However, as explained above, the "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate §1983 liability. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

For these reasons, the Undersigned **RECOMMENDS** that Lakendra Jackson be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this Order.

E. Allegations against James Phillips

In relation to James Phillips, it was not clear from plaintiff's original complaint and "exhibits" exactly who this individual is. Therefore, the Court ordered that plaintiff to supplement his complaint with this information. Plaintiff did respond to this Order, and explained that James Phillips is a barber and/or barbershop owner who swore out an allegedly false warrant against plaintiff for automobile theft. Plaintiff seems to complain that he was deprived of his liberty interest when he was arrested and imprisoned on the basis of this false warrant.

As explained above, a person must be a "state actor" to be liable under § 1983. It would appear that James Phillips is a private party, as opposed to a person acting under color of state law. However, the United States Court of Appeals for the Eleventh Circuit has explained that, in certain situations, a private party may be "acting under color of state law" when he or she swears out a warrant. *See Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir. 1987). Based on plaintiff's complaint, supplemental complaint, and exhibits alone, the Undersigned cannot rule at this time that Mr. Phillips was not "acting under color of state law." Therefore, plaintiff's claim against Mr. Phillips must go forward.

F. Allegations against Keith Newell, and Mike Boyd

Sergeant Keith Newell and Officer Mike Boyd are both, according to plaintiff, employed by the Tift County Law Enforcement Center and are the officers who arrested him for theft by taking–a charge that was later dismissed. As explained in an Order entered on this same date, plaintiff's claim of false arrest and imprisonment against these two defendants should go forward at this time.

However, the Undersigned must recommend that plaintiff's other claims against these defendants be dismissed. Specifically, plaintiff states these two defendants committed perjury when they testified against him. As explained above, witnesses, whether private citizens or law

enforcement officers, are absolutely immune from civil damages based on their testimony in judicial proceedings. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

Plaintiff makes the conclusory allegations of both discrimination and conspiracy; but gives no facts to support such allegations. Therefore, these claims must be dismissed. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (explaining that the "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate §1983 liability); *Damiano v. Florida Parole and Probation Comm*., 785 F.2d 929 (11th Cir. 1986) (explaining that a prisoner asserting discrimination must establish that he is similarly situated to another who received more favorable treatment and that he has been invidiously discriminated against on the basis of a constitutionally protected interest).

Plaintiff also makes an allegation of cruel and unusual punishment against these two defendants. However, he does not explain this allegation at all, and completely fails to provide any facts to support such an allegation. Moreover, plaintiff does not mention how, or even if, he was physically injured by such cruel and unusual treatment. Plaintiff's statement that he was "terrified daily of death and sexual abuse" does not amount to a showing of physical injury. A § 1983 action may not be brought by a plaintiff for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S. C. § 1997e(e). In short, plaintiff has provided no facts to support his claim of cruel and unusual punishment, and the Undersigned must, therefore, recommend dismissal of this unsubstantiated claim.

Finally, plaintiff states that these defendants slandered his good name. However, a 42 U.S.C. § 1983 action cannot be predicated upon the theory of either slander or defamation. *Paul v. Davis*, 424 U.S. 693 (1976).

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims of perjury;

discrimination; conspiracy; cruel and unusual punishment; and slander against Keith Newell and Make Boyd be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 25th day of July, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb