IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SINTEL KING, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action File No. |
| | : | **7:06-CV-57 (HL)** |
| SGT. NEWELL, et. al, | : | |
| Defendants. | : | |

## RECOMMENDATION

Presently pending in this *pro se* §1983 action are several motions.

### 1. *Plaintiff's Motion to Amend (doc. 18)*

Plaintiff in this motion seeks to amend his original complaint to award damages of $2,200,000.00. Plaintiff seeks to have each defendant pay him $275,000.000, and, since some of the defendants named in the original suit have since been dismissed by court order, to have the remaining three defendants be responsible for the amount that should have been paid by the other defendants. Inasmuch as plaintiff is requesting that his complaint be amended to show that he is requesting $2,200,000.00 in damages, it is the RECOMMENDATION of the undersigned that such be **GRANTED**; however, the request that the remaining defendants be responsible for the amount of the dismissed defendants be **DENIED**.

### 2. *Motion for Summary Judgment on Behalf of Defendants Newell and Boyd(doc. 21)*

In a Recommendation dated July 25, 2006, it was recommended that all defendants be dismissed from this action with the exception of defendants James Phillips, Sgt. Keith Newell, and Officer Mike Boyd, and that all claims against Newell and Boyd be dismissed with the

exception of claims for false arrest and false imprisonment. The Recommendation was adopted by the district court judge by Order dated August 22, 2006. Defendants Newell and Boyd now move for summary judgment.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

According to an affidavit submitted by defendant Newell, he was a police officer on patrol in Tifton, Georgia, on March 9, 2005 when he noticed a Nissan Maxima weaving on the roadway. He ran a tag check on the vehicle, and the tag indicated that the vehicle was stolen from Spaulding County, Georgia. Newell requested backup, and when officer Boyd arrived in response, the two officers pulled over the subject vehicle. (Newell aff. Doc. 21).

Plaintiff was a front seat passenger and admitted being in possession of the vehicle. An arrest warrant had been issued on the same day, March 9, 2005, for plaintiff in conjunction with the report of the stolen vehicle in Spaulding County.

During the arrest of plaintiff pursuant to that arrest warrant, marijuana and other drug paraphernalia was found in close proximity to plaintiff. Consequently, the officers also charged plaintiff with felony possession of marijuana with intent to distribute.

Subsequently, the theft by taking motor vehicle charge was later dismissed on April 14, 2005[1], but plaintiff was convicted in Tift County of the felony drug charge for the marijuana.

According to plaintiff, he told both Boyd and Newell that he had legally purchased the vehicle, that he had not stolen the vehicle, and that the warrant for his arrest for motor vehicle theft was false. Plaintiff denied that the vehicle was weaving, denied that the marijuana was

---

[1]The remaining defendant, who is not a party to this motion for summary judgment, is James Phillips, who is a resident of Spaulding County and not a state actor, who plaintiff alleges intentionally swore out a false arrest warrant for plaintiff regarding the vehicle.

3

close to him, and states that he was a law-abiding citizen. (Docs. 1, 22, 27, and 33).

The Fourth Amendment prohibits arrests without probable cause. In the context of a Fourth Amendment analysis, it is enough if an officer had arguable probable cause, or facts upon which a police officer reasonably could have believed that probable cause existed. <u>Montoute v. Carr</u>, 114 F.3d 181, 181 (11th Cir. 1997).

Defendants Boyd and Newell assert they are entitled to qualified immunity on all of plaintiff's claims.

The doctrine of qualified immunity was established by the United States Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1992). The Court held that the complaint must be dismissed whenever a defendant asserts the defense of qualified immunity unless the plaintiff is able to demonstrate that the legal norms allegedly violated by the defendant were violations of clearly established constitutional rights. In fact, the Eleventh Circuit has provided more guidance in another § 1983 case in stating that qualified immunity can be stripped only when all reasonable government actors in the defendant 's place would know that the discretionary conduct in question violated federal law. <u>Adams v. Poag</u>, 61 F.3d 1537 (11th Cir. 1996).

Once properly asserted, there is entitlement to qualified immunity if either (1) the applicable law was not clearly established at the time of the alleged violation, or (2) plaintiff fails to demonstrate the existence of genuine issues of material fact as to whether the official's actions violated the clearly-established law. <u>Rich v. Dollar</u>, 841 F.2d 1558, 1564 (11th Cir. 1988).

The Eleventh Circuit has held that in order to overcome the defense of qualified immunity, the plaintiff "must show that defendants violated [plaintiffs'] clearly established federal rights and that every reasonable officer faced with the circumstances facing these defendants would

4

have known that defendants' acts were unlawful."  Hansen v. Soldenwagner, 19 F.3d 573, 575 (11th Cir. 1994).

That means the question is whether plaintiff has convinced the court that at the time Boyd and Newell executed the arrest warrant on plaintiff for theft of a motor vehicle no officer reasonably could have believed that plaintiff had committed the crime of theft of a motor vehicle.  Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997).

Qualified immunity shields officers from suit if "a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information the officers possessed."  Anderson v. Creighton, 483 U.S. 635, 641 (1987).  This standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 343 (1986).

The Constitution does not guarantee that only the guilty will be arrested.  If it did, § 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released.   "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person."   Baker v. McCollan, 443 U.S. 137, 145,  99 S.Ct. 2689, 2695 (1979).   The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.  Baker, 443 U.S. at 146.

Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner,"  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.  Baker, 443 U.S. at 146.

Here, defendants Boyd and Newell had at least arguable probable cause to arrest plaintiff.

First, when a check on the vehicle tag revealed that it had been reported stolen by Spaulding County; second, when defendants discovered that plaintiff had an arrest warrant from Spaulding County for theft of a motor vehicle; and finally when they discovered significant amounts of marijuana and other drug paraphernalia in close proximity to plaintiff. The arrest warrant and report of stolen vehicle were valid and pending at the time, and even plaintiff's own submitted documents show the charges for theft of a motor vehicle were not dismissed until April 14, 2005, well over a month after plaintiff's arrest. (Doc. 1).

Many of the arguments made by plaintiff are more appropriately made in the context of an appeal or petition for *habeas corpus* relief. Plaintiff has not shown the invalidity of his conviction for possession of marijuana with intent to distribute, so his argument along those lines is misplaced here. (Docs. 1, 22, 27, 33).

The undersigned finds that defendants Boyd and Newell are entitled to qualified immunity on all of plaintiff's claims; consequently, it is the RECOMMENDATION of the undersigned that defendants' motion to dismiss be **GRANTED**.[2]

### 3. *Plaintiff's Motions for Summary Judgment (docs. 22 and 27)*

In light of the above recommendation to grant defendant's motion for summary judgment, it is further RECOMMENDED that plaintiff's motions for summary judgment be **DENIED** for all the reasons abovesaid.

---

[2]In light of the fact that the remaining defendant, James Phillips, is a resident of Spaulding County, it may be appropriate, if the district judge to whom this case is assigned adopts this recommendation, to transfer the claims against Phillips to the Northern District of Georgia; however, the undersigned does not at this time make that recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objection to this recommendation with the United States District Judge to whom this case is assigned, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 15th day of August, 2007.

//S Richard L. Hodge<br>
RICHARD L. HODGE<br>
UNITED STATES MAGISTRATE JUDGE

msd