# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**CHRISTOPHER SINTEL KING,**          :
                                              :

         Plaintiff,          :

                                                :

         v.          :          Civil Action No. 7:06-cv-57 (HL)

                                                 :

**SGT. NEWELL, et al.,**          :

                                                 :

         Defendants.          :
_____

# ORDER

The Recommendation of United States Magistrate Judge Richard L. Hodge, entered August 15, 2007 [Doc. 37], is before the Court.  The Magistrate Judge recommends that Plaintiff's Motions for Summary Judgment (Docs. 22 & 27) be denied; the Motion for Summary Judgment of Defendants Newell and Boyd (Doc. 21) be granted; and Plaintiff's Motion to Amend (Doc. 18) be granted in part and denied in part.  Plaintiff, Christopher King, has filed timely written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).  The Court, having given due considerations to the objections, accepts the Recommendation as modified below.

## I.      Background

King filed the complaint at issue here on July 11, 2006.  As filed, his complaint named nine Defendants; all but three Defendants were dismissed before service was permitted.  The three Defendants who remained were Tift County Deputy Sheriffs Keith Newell and Mike Boyd, and James Phillips.  King's allegations against these three Defendants stem from his

arrest in Tift County on March 9, 2005, which he alleges was unlawful. James Phillips, acting pro se, filed an answer to the complaint on September 25, 2006, but has not filed any other documents in the case.

## II.     Motion to Amend (Doc. 18)

On November 16, 2006, King filed a motion to amend his complaint to show that he is seeking $2,200,000.00 in damages. King also sought to make the three remaining Defendants liable for the damages sought against the dismissed Defendants. The Magistrate Judge recommends that King's motion to amend be granted insofar as King seeks to show that he is requesting $2,200,000.00, but that the motion be denied as to King's request to make the remaining three Defendants liable for the amount of damages sought from the dismissed Defendants. This recommendation is not challenged by any party. Therefore, the Court accepts the Recommendation as to the motion to amend.

## III.    Motion for Summary Judgment of Defendants Newell and Boyd (Doc. 21)

On January 16, 2007, Defendants Newell and Boyd moved for summary judgment as to the false arrest and false imprisonment claims remaining against them. The Magistrate Judge concluded that the undisputed evidence showed that Newell and Boyd had arguable probable cause to arrest King based on information known to them at the time of the stop of his vehicle. The Magistrate Judge determined, therefore, that the officers were shielded from § 1983 liability by qualified immunity and entitled to summary judgment as to the false arrest claims against them. King does not challenge this conclusion in his objections. Therefore, the Court accepts the Recommendation insofar as it grants summary judgment to Defendants Newell and Boyd

on the false arrest claim.

To the extent that King's false imprisonment claims against these officers stem from their detention of him following his arrest, summary judgment is also appropriate as to those claims. Inasmuch as the officers had probable cause to arrest King, they also had the right to detain him for a reasonable period, until such time as he could be brought before a judicial officer who could authorize his continued detention. *See* O.C.G.A. § 17-4-21 (directing that arrested persons be taken to most convenient and accessible judicial officer). Once King was held pursuant to the appropriate legal process, any claim against these officers for false imprisonment necessarily came to an end. *See* <u>Wallace v. Kato</u>, ____ U.S. ____, 127 S. Ct. 1091, 1096 (2007) (stating that because false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held pursuant to such process). Inasmuch as Newell and Boyd are shielded from liability for false arrest, they are also shielded from liability for claims of false imprisonment from the time of the arrest to the time that King was brought before a judicial officer. Therefore, the Magistrate Judge correctly concluded that Newell and Boyd are entitled to summary judgment as to those claims against them.

In recommending the grant of summary judgment to Defendants Newell and Boyd, the Magistrate Judge noted, "Many of the arguments made by plaintiff are more appropriately made in the context of an appeal or petition for *habeas corpus* relief. Plaintiff has not shown the invalidity of his conviction for possession of marijuana with intent to distribute, so his argument along those lines is misplaced here." (Recommendation at 6.) In his objections, King argues that no decision should be made on these issues until the State of Georgia has ruled on his

pending habeas petition. The Court need not address this argument, however, because the only claims that this Court allowed to go forward against Boyd and Newell were the false imprisonment and false arrest claims. As noted above, Boyd and Newell are shielded from liability as to these claims. Therefore, the outcome of King's habeas petition will have no bearing on his right to pursue these claims against Boyd and Newell. Therefore, the Magistrate Judge's recommendation to grant summary judgment to Defendants Boyd and Newell is accepted by the Court.

## IV.    Plaintiff's Motions for Summary Judgment (Docs. 22 & 27)

King filed two Motions for Summary Judgment: The first (Doc. 22), he styled simply "Motion for Summary Judgment"; the second (Doc. 27), he styled "Plaintiff King's Motion for Summary Judgment against Defendant James Phillips." The first Motion was addressed primarily to King's claims against Boyd and Newell, although in a parenthetical he stated, "The defendant, James Phillips, has set up no defense; motion for summary judgment is against him also." (Pltf.'s Mot. Summ. J. at 2.) The second Motion was addressed primarily to King's claims against Phillips. Although neither Motion contained a certificate of service, Defendants Boyd and Newell responded to both Motions; Defendant Phillips did not respond to either Motion.

In addressing Plaintiff's Motions for Summary Judgment, the Magistrate Judge recommended that both be denied on the basis of the reasons given for granting the Motion for Summary Judgment of Defendants Boyd and Newell. King does not challenge this conclusion in his objections. Therefore, the recommendation to deny Plaintiff's Motions is accepted insofar

as King seeks summary judgment against Boyd and Newell.

The Motions for Summary Judgment, insofar as they are brought against Phillips, must also be denied, but for a different reason. The rationale that entitles Boyd and Newell to summary judgment–arguable probable cause to arrest–cannot apply to Phillips, because the allegations against him are quite different. King contends that Phillips, a private citizen from whom he was buying the car that was alleged to be stolen, got mad when King failed to make payments and swore out a false warrant against him which, in turn, led to his subsequent arrest and conviction. This Court need not, at this juncture, undertake the analysis necessary to determine the merits of King's Motions as to Phillips because it does not appear that Phillips was ever served with copies of the Motions for Summary Judgment and, therefore, has never had the opportunity to respond to them. In view of King's failure to properly serve Phillips with the Motions, they must be denied as to him. Therefore, the Court accepts the Magistrate Judge's recommendation that the Motions be denied, but for the reason stated herein.

**V.    Summary**

Consistent with the foregoing, therefore, the Motion for Summary Judgment of Defendants Newell and Boyd (Doc. 21) is granted, the Motions for Summary Judgment of Plaintiff (Docs. 22 and 27) are denied, and Plaintiff's Motion to Amend (Doc. 18) is granted in part and denied in part.

**SO ORDERED**, this the 12th day of September, 2007.


 s/ Hugh Lawson

5

**HUGH LAWSON, JUDGE**

mls