IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SINTEL KING,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-57 (HL) |
| **SGT. NEWELL, et al.,** | : | |
| Defendants. | : | |

## **ORDER**

Plaintiff's Motion for Reconsideration (Doc. 40) is before the Court. Plaintiff's Motion appears to raise two issues. First, Plaintiff expresses his concern that because he did not specifically present objections to each of the Magistrate Judge's conclusions, the Court did not review all of his previously presented arguments before ruling on the Recommendation. Second, Plaintiff contends he should still be allowed to pursue his motion for summary judgment against James Phillips.

With respect to the first issue, this Court was not obliged to conduct a de novo review related to those matters to which no objection was made. As the United States Court of Appeals for the Eleventh Circuit noted recently in an unpublished opinion, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Macort v. Prem, Inc., No. 06-12316, 2006 WL 3473734, *2 (11th Cir. Nov. 30, 2006) (quoting Diamond v. Colonial Life & Accident Ins., 416 F.3d 310,

315 (4th Cir. 2005)). Consistent with the rationale applied in Macort, this Court reviewed the record and determined that there was no clear error as to those issues not specifically challenged by Plaintiff in his objections. The Court was satisfied that the Magistrate Judge's Recommendation was correct and continues to be of that opinion, even in the face of Plaintiff's Motion for Reconsideration.

With respect to the second issue raised by Plaintiff, the Court notes that it denied Plaintiff's Motion for Summary Judgment against James Phillips because Plaintiff had failed to serve Phillips with a copy of the Motion. Nothing in the Order was intended to suggest that Plaintiff could not file another motion for summary judgment against Phillips and Plaintiff is at liberty to do so. To the extent that Plaintiff intends to suggest with his Motion for Reconsideration that it was incumbent on the Court to undertake to serve Phillips when Plaintiff's failure to serve the motion was noted, then Plaintiff is in error. The Court has no such obligation. If Plaintiff wishes to have the court consider a summary judgment motion as to Phillips, he needs to file an appropriate motion with the Court, and properly serve Phillips with a copy of the motion.[1]

The Court has given due consideration to the issues raised by Plaintiff in his Motion for Reconsideration, but finds that it offers nothing to persuade the Court that its Order entered September 12, 2007, was in error. Therefore, the Motion for Reconsideration is denied.

---

[1] Phillips is also at liberty to file a motion for summary judgment with the Court. Like Plaintiff, he will be expected to serve a copy of that motion on Plaintiff before the Court will undertake to consider the merits of the motion.

**SO ORDERED**, this the 15th day of October, 2007.

                              *s/   Hugh Lawson*
                              **HUGH LAWSON, JUDGE**

mls