IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHRISTOPHER SINTEL KING,  :
　　　　　　　　　　　　　　:
　　Plaintiff,              :
　　　　　　　　　　　　　　:
vs.                         :  Civil Action File No.
　　　　　　　　　　　　　　:  **7:06-CV-57 (HL)**
JAMES PHILLIPS,             :
　　　　　　　　　　　　　　:
　　Defendant.              :
　　　　　　　　　　　　　　:

## RECOMMENDATION

Presently pending in this *pro se* 42 §1983 action are plaintiff's motion for summary judgment (doc. 44) and his motion for final judgment (doc. 48).

Plaintiff now moves for summary judgment against the only defendant remaining in this action, James Phillips, who is a resident of Spaulding County, Georgia, and is not employed by the state. Defendant Phillips was mailed the complaint on July 31, 2006. He filed an answer on September 25, 2006. Defendant Phillips has not filed a response to plaintiff's motion for summary judgment. The undersigned makes note that plaintiff filed a certificate of service (doc. 46) certifying that he served defendant with the motion for summary judgment. Plaintiff has filed a brief, statement of material facts, and affidavit in support of his motion for summary judgment.

Plaintiff claims that he was deprived of his liberty interest when he was arrested and imprisoned based on the allegedly false warrant sworn out by Mr. Phillips.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951

F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Plaintiff was a front seat passenger in a Nissan Maxima on March 9, 2005, when it was

pulled over by police officers[1] in Tifton, Georgia.  Officer Newell ran a tag check on the vehicle, and the tag indicated that the vehicle was stolen from Spaulding County, Georgia.  Newell requested backup, and when officer Boyd arrived in response, the two officers pulled over the subject vehicle.  (Newell aff. Doc. 21).

Plaintiff admitted being in possession of the vehicle.  An arrest warrant had been issued on the same day, March 9, 2005, for plaintiff in conjunction with the report of the stolen vehicle in Spaulding County based upon the report of defendant James Phillips.

During the arrest of plaintiff pursuant to that arrest warrant, marijuana and other drug paraphernalia was found in close proximity to plaintiff.  Consequently, the officers also charged plaintiff with felony possession of marijuana with intent to distribute.

Subsequently, the theft by taking motor vehicle charge was dismissed on April 14, 2005, but plaintiff was convicted in Tift County of the felony drug charge for the marijuana.  According to plaintiff, he told both Boyd and Newell that he had legally purchased the vehicle, that he had not stolen the vehicle, and that the warrant for his arrest for motor vehicle theft was false.

In his answer (doc.16), defendant James Phillips states that he was the owner of the vehicle; that he and plaintiff agreed that plaintiff would test drive the vehicle; that plaintiff failed to contact defendant or return the vehicle, nor did plaintiff pay any money to defendant for the vehicle. Defendant Phillips states he swore out a warrant against plaintiff, leading to plaintiff's arrest and the recovery of the vehicle in question.  Defendant Phillips states he requested that the theft by motor vehicle charge be dropped in consideration for plaintiff's family.  Defendant

---

[1]The police officers have previously been granted summary judgment in this action and are no longer part of this case.

Phillips was then charged with false report of a crime, which was later nolle processed with payment of court costs. (Exhibit, Doc. 16).

In his affidavit, plaintiff states that he and defendant Phillips had a legally-binding contract that proved plaintiff had lawful access to the vehicle in question. However, plaintiff does not provide that contract.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission, committed by a person acting under color of state law deprived him of a right, privilege or immunity secured by the Constitution of the United States. See Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

The Supreme Court has defined the relationship between a private party and the state which permits a determination that the private party was a "state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744 (1982). A private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor" for purposes of the Fourteenth Amendment.

The Eleventh Circuit has recognized a cause of action under § 1983 for false arrest and imprisonment motivated by the desire to settle a private dispute. See Scott v. Dixon, 720 F.2d 1542, 1546 (11th Cir.1983), *cert. denied,* 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984); see also Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir.1979). In Scott, the court recognized implicitly that a defendant acting pursuant to a state procedural scheme which allows through its abuse the arrest of a plaintiff over a personal dispute states a cause of action under § 1983. The Third Circuit has also ruled that a defendant's misuse of the criminal process through the initiation of criminal charges against a plaintiff without probable cause or for reasons of personal

animosity is clearly actionable under § 1983. <u>Losch v. Borough of Parkesburg, Pa.</u>, 736 F.2d 903, 907 (3d Cir.1984).

In light of the fact that defendant Phillips has not countered plaintiff's motion for summary judgment, nor has he provided the court any additional evidence with which to counter plaintiff's complaint and motion for summary judgment, it is the RECOMMENDATION of the undersigned that plaintiff's motion for summary judgment (doc. 44) be **GRANTED**, and that plaintiff's motion for final judgment (doc. 48) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objection to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of the date of this recommendation.

**SO RECOMMENDED**, this 25th day of July, 2008.

/S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd