IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHRISTOPHER SINTEL KING, | : |
| Plaintiff, | : |
| vs. | : Civil Action File No. |
| | : **7:06-CV-57 (HL)** |
| JAMES PHILLIPS, | : |
| Defendant. | : |

### RECOMMENDATION

Presently pending in this *pro se* 42 U.S.C. §1983 action are opposing motions for summary judgment (doc. 56 and 58) filed by the plaintiff and the last remaining defendant. Plaintiff claims that he was deprived of his liberty interest when he was arrested and imprisoned based on the allegedly false warrant sworn out by defendant Phillips. Plaintiff was a front seat passenger in a Nissan Maxima on March 9, 2005, when it was pulled over by police officers in Tifton, Georgia. The officers ran a tag check on the vehicle, and the tag indicated that the vehicle was stolen from Spaulding County, Georgia. (Newell aff. Doc. 21).

Plaintiff admitted being in possession of the vehicle. An arrest warrant had been issued on the same day, March 9, 2005, for plaintiff in conjunction with the report of the stolen vehicle in Spaulding County based upon the report of defendant James Phillips. During the arrest of plaintiff pursuant to that arrest warrant, marijuana and other drug paraphernalia was found in close proximity to plaintiff. Consequently, the officers also charged plaintiff with felony possession of marijuana with intent to distribute. Subsequently, the theft by taking motor vehicle charge was dismissed on April 14, 2005, but plaintiff was convicted in Tift County of the felony

drug charge for the marijuana. According to plaintiff, he told the officers that he had legally purchased the vehicle, that he had not stolen the vehicle, and that the warrant for his arrest for motor vehicle theft was false.

In his answer (doc.16), defendant James Phillips states that he was the owner of the vehicle; that he and plaintiff agreed that plaintiff would test drive the vehicle; that plaintiff failed to contact defendant or return the vehicle, nor did plaintiff pay any money to defendant for the vehicle. Defendant Phillips states he swore out a warrant against plaintiff, leading to plaintiff's arrest and the recovery of the vehicle in question. Defendant Phillips states he requested that the theft by motor vehicle charge be dropped in consideration for plaintiff's family. Defendant Phillips was then charged with false report of a crime, which was later nolle processed with payment of court costs. (Exhibit, Doc. 16). Defendant Phillips further states that he had a verbal agreement with plaintiff to test drive the vehicle for a few days, that he attempted to contact plaintiff several times and relayed messages to plaintiff's mother that if the vehicle was not returned he would have no choice but to report the vehicle stolen. (Phillips aff. Doc. 58)

In his affidavit, plaintiff states that he had a legally binding contract with defendant Phillips to purchase the vehicle in question (King aff. Doc. 56); however, plaintiff fails to submit a copy of such contract.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an

element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

In a claim for relief under 42 U.S.C. § 1983, the conduct complained of must have: (1) deprived plaintiff of a right secured by the constitution or laws of the United States; and (2) been committed by a person acting under color of state law. Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276-77 (11th Cir.2003). "[T]he under-color-of-state-law element

of 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 1277 (citation omitted).

The Fourteenth Amendment does not prohibit "private conduct, however discriminatory or wrongful," unless the private individual has become so allied with the state as to be a state actor. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982) (internal quotations omitted); Cobb v. Georgia Power Co., 757 F.2d 1248, 1250 (11th Cir.1985). However, "one who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process." Cobb, 757 F.2d at 1251.

The state action requirement of § 1983 may be satisfied if the constitutional deprivation results from a private person's use of a state procedural law to effectuate a purpose not intended by state law and not permitted by the Constitution. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 2753-54, 73 L.Ed.2d 482 (1982).

The conduct causing deprivation of the federal right must be "fairly attributable to the state." Lugar, 457 U.S. at 937, 102 S.Ct. at 2754, 73 L.Ed.2d at 495. This requirement is satisfied by a showing that the deprivation resulted from "the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor [either] because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." Id.

The Eleventh Circuit, however, has emphasized that in no way is every affiant to a criminal warrant engaged in state action of a constitutional dimension. Scott v. Dixon, 720 F.2d 1542,

1546 (11th Cir. 1983).

"We have employed three distinct tests in determining whether the actions of a private entity are properly attributed to the state." Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir.2003). These tests include: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." Id. (quoting Willis v. Univ. Health Services, Inc., 993 F.2d 837, 840 (11th Cir.1993)).

The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise. Id. (quotations omitted). However, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for [§ ] 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir.1992). "Should we conclude that there is no State action, we must dismiss the plaintiff's claim without reaching the qualified immunity issue." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir.2001).

In Scott, supra, the defendant, a chairman of a state county board of commissioners, swore out a warrant for the arrest of another citizen. *Id.* at 1544. In the citizen's subsequent § 1983 action, the district court granted summary judgment to the defendant, concluding that the board chairman acted in a private capacity when swearing out the warrant. *Id.* at 1545. The Eleventh Circuit reversed, observing that the district court failed to employ the three-part test set forth in *Lugar. Id.* at 1545-56. The court based this conclusion on evidence in the record that, when

swearing out the warrant, the defendant: (1) relied on his position as board chairman; (2) sought and obtained "significant aid" from other county officials; and (3) acted in bad faith. *Id.* at 1546.

In the case at bar, plaintiff has not shown that defendant Phillips was a state actor as contemplated under § 1983 in the alleged deprivation of plaintiff's constitutional rights. Plaintiff has not alleged that Phillips participated in a conspiracy, nor has plaintiff sought to name as defendant any one else involved in the taking of Phillips' criminal complaint.

Plaintiff has failed to show anything more than perhaps a state law action.

Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion for summary judgment (doc. 56) be **DENIED** and that defendant Phillip's motion for summary judgment (doc. 58) be **GRANTED**.

Because summary judgment is appropriate with respect to all of the § 1983 claims, plaintiff's remaining claims are based solely on state tort law. Pursuant to 28 U.S.C.A. § 1367(c)(3) (1993), the undersigned further RECOMMENDS that the district court in its discretion decline to exercise further supplemental jurisdiction over plaintiff's state law claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objection to this recommendation with the United States District Judge to whom this case is assigned, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 20th day of May,  2009.

                                    //S Richard L. Hodge
                                    RICHARD L. HODGE
                                    UNITED STATES MAGISTRATE JUDGE

msd